UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                                      :
                                                           :    Chapter 11 Case No.
                                                           :
SILICON GRAPHICS, INC., *et al.*,                          :    06-10677 (BRL)
                                                           :
              Debtors.                                     :    (Jointly Administered)
                                                           :
---------------------------------------------------------------x
                                                           :
WILLIAM KUNTZ, III                                         :
                                                           :    Civ. A. No. 07-7698 (DAB)
              Appellant,                                   :
                                                           :
       v.                                                  :
                                                           :
SILICON GRAPHICS, INC., *et al.*,                          :
                                                           :
              Appellees.                                   :
                                                           :
---------------------------------------------------------------x

### APPELLEES' BRIEF IN RESPONSE TO OPENING BRIEF OF WILLIAM KUNTZ, III

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Reorganized Debtors

# TABLE OF CONTENTS

**Page**

I.    TABLE OF AUTHORITIES ....................................................................... ii

II.   PRELIMINARY STATEMENT ................................................................. 1

III.  BASIS FOR APPELLATE JURISDICTION.......................................... 2

IV.   STANDARD OR APPELLATE REVIEW ............................................... 3

V.    STATEMENT OF FACTS ......................................................................... 3

      A.    General Background ....................................................................... 3

      B.    The Bar Date And The Kuntz Claim ......................................... 3

      C.    The Objection To The Kuntz Claim ........................................... 4

      D.    The Motion To Reinstate ............................................................. 5

      E.    The Appeal ...................................................................................... 6

VI.   ARGUMENT ............................................................................................... 8

      A.    The Opening Brief Fails To Address The Issue On Appeal ...... 8

      B.    Appellant Is No Ordinary *Pro Se* Litigant ............................. 14

VII.  CONCLUSION........................................................................................... 18

# I.

## TABLE OF AUTHORITIES

**Page**

### Cases

*Citibank, N.A. v. Vebeliunas* (*In re Vebeliunas*), 332 F.3d 85 (2d Cir. 2003) .....................3

*Cody, Inc. v. Town of Woodbury*, 179 F.3d 52 (2d Cir. 1999) ............................................8

*Evans v. Ottimo*, 469 F.3d 278 (2d Cir. 2006) ...................................................................3

*Hughes v. Rowe*, 449 U.S. 5 (1980) ..................................................................................17

*In re Calpine Corp.*, 363 B.R. 709 (Bankr. S.D.N.Y. 2007) .............................................11

*In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987) ........................................................ 8-9

*In re Commercial Financial Services, Inc.*, 238 B.R. 479 (Bankr. N.D. Okla. 1999) ....................................................................................................................... 16-17

*In re Gonzalez*, 372 B.R. 837 (Bankr. W.D. Tex. 2007) ...............................................9, 12

*In re Kirkland*, 361 B.R. 199 (Bankr. D.N.M. 2007) .......................................................12

*In re Porges*, 44 F.3d 159 (2d Cir. 1995) ..........................................................................9

*In re R.H. Macy & Co., Inc.*, 161 B.R. 355 (Bankr. S.D.N.Y. 1993) ...............................11

*In re Rockefeller Ctr. Prop.*, 272 B.R. 524 (Bankr. S.D.N.Y. 2000) .................................9

*Kane v. Johns-Manville Corp.*, 843 F.2d 636 (2d Cir. 1988) ............................................9

*Kuntz v. Pardo*, 160 B.R. 35 (S.D.N.Y. 1993) .................................................................15

*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) .............................................................17

*Twins Roller Corp. v.Roxy Roller Rink Joint Venture*, 70 B.R. 308 (S.D.N.Y. 1987) ...............................................................................................................................11

*U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370 (2d Cir. 2001) ...........................................9

### Statutes

11 U.S.C. § 502(a) ..............................................................................................................9

11 U.S.C. § 502(b) ..............................................................................................................9

11 U.S.C. § 502(j) ...............................................................................................................9

11 U.S.C. § 1107(a) .............................................................................................................3

11 U.S.C. § 1108 ..................................................................................................................3

28 U.S.C. § 158(a)(1) ..........................................................................................................2

## Rules

Fed. R. Bankr. P. 2002(g) ...........................................................................................................11

Fed. R. Bankr. P. 3003(c)(2) ........................................................................................................9

Fed. R. Bankr. P. 3003(c)(3) ........................................................................................................9

Fed. R. Bankr. P. 3007 ..................................................................................................................9

Fed. R. Bankr. P. 8002 ..................................................................................................................5

Fed. R. Bankr. P. 8007(b) .............................................................................................................7

Fed. R. Bankr. P. 8013 ..................................................................................................................3

Fed. R. Bankr. P. 9022 ................................................................................................................11

Fed. R. Civ. P. 60(b)(1) ...........................................................................................................8, 12

Appellees Silicon Graphics, Inc. ("Silicon Graphics") and its affiliated debtors (collectively, the "Debtors" and as reorganized, the "Reorganized Debtors" or "Appellees") in the above-referenced cases pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as and for their brief in response to the opening brief, dated October 30, 2007 ("Opening Brief") of William Kuntz, III (the "Appellant" or "Mr. Kuntz") for an order remanding the Bankruptcy Court's order, dated June 20, 2007 (the "Denial Order"),[1] and memorandum decision, dated June 20, 2007 (the "Memorandum Decision"), each denying Appellant's "Motion for an Order Reinstating Proof of Claim 792" (the "Motion to Reinstate"), respectfully represent as follows:

## II.

## PRELIMINARY STATEMENT

1.      The Reorganized Debtors objected to the proof of claim filed by Appellant on the basis that their books and records showed no liability owing.  After serving Appellant with notice of hearing, which Appellant does not contest he received, the Bankruptcy Court expunged the claim because he failed to respond to the objection to his proof of claim or appear at the hearing on such claim.  Appellant took no other action during the next six months.  Having failed to file a timely notice of appeal within the 10-day period, Appellant then filed the Motion to Reinstate as an "end-run" around his default and failure to appear at the hearing on the expungement of his proof of claim.  After notice and hearing, the Bankruptcy Court denied the Motion to Reinstate.  Appellate failed to show any facts to excuse his failure to respond to the

---

[1] The Denial Order is annexed as Exhibit A to the accompanying Declaration of Shai Y. Waisman, dated as of November 19, 2007 (the "Waisman Declaration").  All references to "Ex. __" herein refer to the exhibits to the Waisman Declaration.

Debtors' objection to his claim or reply to the Reorganized Debtors' objection to the Motion to Reinstate.  As with the other hearings, Appellant failed to appear at the hearing he scheduled.

2.        Nevertheless, Appellant appealed the denial of the Motion to Reinstate and has now filed a brief that fails to address the only issue before the Court – namely whether the Bankruptcy Court abused its discretion when it disposed of the Motion to Reinstate.  Instead, Appellant seeks to have this Court remand the Motion to Reinstate to the Bankruptcy Court and require it to consider the validity and enforceability of Appellant's proof of claim.

3.        Appellant is appearing *pro se* but his *pro se* status should not lead the Court to believe he is unfamiliar with the judicial system.  Appellant has participated in <u>hundreds</u> of judicial proceedings all over the country in both the federal and state systems at both the trial court and appellate levels, including numerous appearances in bankruptcy proceedings.  There exist at least 78 published and unpublished decisions that cite Appellant's <u>active</u> participation in judicial proceedings.  Almost without exception, courts find that Appellant has asserted claims that had no merit and that his *pro se* status was no excuse for his failure to comply with the procedures and timelines imposed by courts.  In short, Appellant's *pro se* status does not excuse him from substantive law governing the Motion to Reinstate, which the Bankruptcy Court followed when it properly denied such motion.

### III.

### <u>BASIS FOR APPELLATE JURISDICTION</u>

4.        This appeal is taken from the Memorandum Decision and Denial Order, denying Appellant's Motion to Reinstate  The Memorandum Decision and Denial Order each constitute final appealable orders pursuant to 28 U.S.C. § 158(a)(1).

**IV.**

**STANDARD OF APPELLATE REVIEW**

5.     A bankruptcy court's conclusions of law are reviewed *de novo* and findings of fact are reviewed for clear error.  Fed. R. Bankr. P. 8013; *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006).  Mixed questions of law and fact are subject to *de novo* review. *Citibank, N.A. v. Vebeliunas* (*In re Vebeliunas*), 332 F.3d 85, 90 (2d Cir. 2003).

**V.**

**STATEMENT OF THE CASE**

**A.     General Background**

6.     On May 8, 2006 (the "Commencement Date"), the Debtors each commenced with the Bankruptcy Court a voluntary case under the Bankruptcy Code. Throughout the chapter 11 cases, the Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.     On September 19, 2006, the Bankruptcy Court held a hearing (the "Confirmation Hearing") on the Reorganized Debtors' First Amended Joint Plan of Reorganization, dated July 27, 2006 (as modified, the "Plan").  Following the Confirmation Hearing, the Bankruptcy Court entered an order, dated September 19, 2006 (the "Confirmation Order"), confirming the Plan.  The Confirmation Order is annexed to the Waisman Declaration as Exhibit B.  On October 17, 2006, the Plan was substantially consummated.

**B.     The Bar Date And The Kuntz Claim**

8.     By order, dated June 26, 2006 (the "Bar Date Order"), and pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Bankruptcy Court fixed August 4, 2006 at 5:00 p.m. (Eastern Time) as the date and time by

which proofs of claim were required to be filed in these chapter 11 cases for all persons or entities other than governmental units (the "Bar Date").  The Bar Date Order is annexed to the Waisman Declaration as Exhibit C.  In accordance with the Bar Date Order, the Debtors' noticing and claims agent mailed written notice of the Bar Date and the Government Bar Date to, among others, all creditors listed on the Schedules.

9.      Appellant filed proof of claim no. 792, dated August 2, 2006 (the "Kuntz Claim"), against Cray Research LLC (case no. 06-10979) as a general unsecured nonpriority claim in the amount of $892,000.  The Kuntz Claim is annexed to the Waisman Declaration as Exhibit D.  Appellant provided no supporting documentation for the Kuntz Claim except six newspaper articles published in the New York Times and two web-based articles – each of which relates to a company having no affiliation with the Reorganized Debtors.

**C.      The Objection To The Kuntz Claim**

10.      On December 4, 2006, the Reorganized Debtors filed an omnibus objection to proofs of claim (the "Fourth Omnibus Objection"), which objected to, among other things, the Kuntz Claim on the basis of no record of liability.

11.      On December 4, 2006, the Reorganized Debtors' noticing agent caused the Fourth Omnibus Objection, and the notice of hearing for such objection, to be served on Appellant at the address set forth on the Kuntz Claim.  The affidavit of service for the Fourth Omnibus Objection is annexed to the Waisman Declaration as Exhibit E.

12.      The notice of hearing for the Fourth Omnibus Objection set January 2, 2007 at 4:00 (New York Time) as the deadline for filing responses.  Appellant never filed a response with the Bankruptcy Court and the Reorganized Debtors and their bankruptcy counsel never received a response.

13.     On January 9, 2007, the Bankruptcy Court held a hearing (the "January 9 Hearing") on the Fourth Omnibus Objection.  Appellant failed to appear at the January 9 Hearing.  At the conclusion of the January 9 Hearing, the Bankruptcy Court granted the Reorganized Debtors' objection to the Kuntz Claim and entered an order expunging such claim on January 9, 2007 (the "Fourth Omnibus Order").  The Fourth Omnibus Order and relevant exhibit is annexed to the Waisman Declaration as Exhibit F.

**D.**     **The Motion To Reinstate**

14.     On February 9, 2007, Weil, Gotshal & Manges LLP ("WG&M"), received an email from Appellant inquiring when he should expect payment on account of the Kuntz Claim (the "February 9 E-mail").  The February 9 E-mail is annexed to the Waisman Declaration as Exhibit G.  On that same date, WG&M responded by email that the Kuntz Claim had been expunged pursuant to the Fourth Omnibus Objection and Fourth Omnibus Order on the basis of no record of liability.  In addition, the email explained that Appellant was served with the Fourth Omnibus Objection and a response was not received.  Appellant requested proof of service and this was sent on the same date.

15.     On February 9, 2007, WG&M was copied on a fax sent to the Bankruptcy Court that requested a hearing date for a motion to reinstate the Kuntz Claim (the "February 9 Fax").  The February 9 Fax is annexed to the Waisman Declaration as Exhibit H.  The Bankruptcy Court informed the Appellant that it would not schedule a hearing with a request made by facsimile.

16.     Appellant did not file a notice of appeal of the Fourth Omnibus Order within the 10-day period set forth by Bankruptcy Rule 8002.

17.     Almost six months later, on or about June 1, 2007, Appellant filed the Motion to Reinstate for an order vacating the Fourth Omnibus Order as it pertains to the Kuntz Claim.  On June 15, 2007, the Reorganized Debtors filed an objection to the Motion to Reinstate.

18.     On June 20, 2007, the Bankruptcy Court held a hearing (the "<u>June 20 Hearing</u>") on the Motion to Reinstate.  Appellant failed to appear at the June 20 Hearing on his Motion to Reinstate just as he failed to appear at the hearing for the Fourth Omnibus Objection.  Later on the same date, the Bankruptcy Court issued a memorandum decision (the "<u>Memorandum Decision</u>") and the Denial Order denying the Motion to Reinstate.  The Memorandum Decision is annexed to the Waisman Declaration as Exhibit I.  A transcript of the June 20 Hearing (the "<u>June 20 Transcript</u>") is annexed to the Waisman Declaration as Exhibit J.  In the Memorandum Decision, the Bankruptcy Court found that Appellant's "extensive legal experience, unlike many other pro se litigants, invokes little sympathy from this Court relating to his failure to timely appeal the order approving the Fourth Omnibus Objection."  Memorandum Decision at 6.

**E.     <u>The Appeal</u>**

19.     On or about June 28, 2007, Kuntz filed a notice of appeal with the Bankruptcy Court.  On July 18, 2007, Appellant filed his designation of the record and issues on appeal  ("<u>Appellant's Designation</u>").  Appellant's Designation is annexed to the Waisman Declaration as Exhibit K.

20.     On July 27, 2007, Appellees filed a counter-designation (the "<u>Counter-Designation</u>") of the record and issues on appeal.  The Counter-Designation is annexed to the Waisman Declaration as Exhibit L.

21.     On July 27, 2007, Appellees filed a motion (the "<u>Motion to Strike</u>") for an order (i) striking certain items in Appellant's Designation and (ii) requiring Appellant to clarify

certain items in Appellant's Designation or have such items stricken from Appellant's Designation if not clarified within the period ordered by the Bankruptcy Court. On July 27, 2007, Appellants served notice of the Motion to Strike on Appellant at the address listed on the Kuntz Claim. The affidavit of service for the Motion to Strike is annexed to the Waisman Declaration as Exhibit M.

22.    On August 9, 2007, the Bankruptcy Court held a hearing (the "August 9 Hearing") on the Motion to Strike. Appellant failed to respond to the Motion to Strike or appear at the August 9 Hearing. Later on this date, the Bankruptcy Court issued an order (the "Order Striking Appellant's Designation") granting the Motion to Strike. On August 9, 2007, Appellees served the Order Striking Appellant's Designation. The Order Striking Appellant's Designation is annexed to the Waisman Declaration as Exhibit N.

23.    The Order Striking Appellant's Designation required Appellant to clarify certain items in Appellant's Designation on or before August 19, 2007. Appellant failed to submit such clarifications. Therefore, the remaining items in Appellant's Designation were stricken from the record of appeal.

24.    When the record of this appeal was complete, the clerk of the Bankruptcy Court transmitted the record to this Court pursuant to Bankruptcy Rule 8007(b). This Court entered this appeal on its docket on August 29, 2007. The clerk of this Court served notice of such docketing to all parties to this appeal on August 31, 2007, including the Appellant. Appellant's brief was due on or before September 17, 2007. The Court's docket shows that Appellant received notice that this appeal was docketed and assigned to this Court.

# VI.

# ARGUMENT

## A.    The Opening Brief Fails To Address The Issue On Appeal

25.    The only issue before the Court is whether the Bankruptcy Court properly disposed of the Motion to Reinstate.  Despite Appellant's best efforts to turn this into an appeal regarding the expungement of the Kuntz Claim, Appellant defaulted on the Fourth Omnibus Objection to the Kuntz Claim, never appealed, and the matter is not appealable.

26.    Because the Motion to Reinstate failed to provide any legal support, the Reorganized Debtors presumed, like the Bankruptcy Court, that Appellant was relying on Rule 60(b)(1) of the Federal Rules of Civil Procedure (the "Federal Rules") as his legal support for the Motion to Reinstate.  *See* Memorandum Decision at 3.  The relevant portion of Federal Rule 60(b)(1) provides

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than on year after the judgment, order, or proceeding was entered or taken.

Federal Rule 60(b)(1).

27.    A party may seek relief from a judgment that results from mistake, fraud, or misconduct or is called into doubt by newly available evidence.  *Cody, Inc. v. Town of Woodbury*, 179 F.3d 52, 56 (2d Cir. 1999).  An appeal of a motion pursuant to Rule 60(b) is limited to whether the trial court properly disposed of the request pursuant to such rule not the merits of the underlying judgment.  *Id*.  The Court of Appeals for the Fifth Circuit held that when a party moves pursuant to Rule 60b(b) and fails to

> explicitly or implicitly assert fraud, newly discovered evidence, mistake, inexcusable neglect, or any of the other matters pertinent to a Rule 60(b) motion, .

> . . [or] generally assert "cause" for reconsideration under § 502(j), . . . [the movant
> does] not even get his foot in the door for purposes of reconsideration.

*In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987). Relief from a judgment pursuant to Rule

60(b) is generally not favored and granted only upon a showing of exceptional circumstances.

*U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The burden of proof is on the

movant. *Id*.

28.     During the Debtors' chapter 11 cases, the life of the Kuntz Claim was

subject to a standard process that occurs in all chapter 11 cases. Creditors whose claims are not

scheduled by a debtor must file a proof of claim within the time prescribed by a bankruptcy

court. Bankruptcy Rule 3003(c)(2), (3). A proof of claim is deemed allowed unless a party in

interest objects to such claim. 11 U.S.C. § 502(a); *In re Porges*, 44 F.3d 159, 164 (2d Cir. 1995).

If a part objects to a proof of claim, the objectant must provide at least 30-days notice to the

affected party. Bankruptcy Rule 3007; *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 646 (2d

Cir. 1988). Once the objectant offers sufficient evidence to overcome the proof of claim's

presumptive validity, the burden shifts to the creditor to establish the claim's validity and

enforceability. *In re Rockefeller Ctr. Prop.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). After

notice and hearing, the bankruptcy court will determine the amount and allowability of such

claim. 11 U.S.C. § 502(b); *Porges*, 44 F.3d at 164. If the creditor fails to satisfy its burden the

bankruptcy court will grant the relief sought in the claim objection. *In re Gonzalez*, 372 B.R.

837, 846 (Bankr. W.D. Tex. 2007).

29.     On June 26, 2006, the Bankruptcy Court entered the Bar Date Order which

established August 4, 2006 as the date and time by which proofs of claim against the Debtors

must be filed. Appellant filed the Kuntz Claim on or about August 2, 2006 and provided

absolutely no documentation to support the validity of such claim. Instead, Appellant attached

six newspaper articles and two web-based articles that discuss Cray Computer Corp., a company that has no affiliation with the Debtors.

30.     As provided for in Bankruptcy Rule 3007, the Debtors filed the Fourth Omnibus Objection providing more than 30-days notice to Appellant and served him with such notice at the address set forth in the proof of claim form supplied by Appellant. *See* Exhibit E. Appellant never disputed that he received notice of the Fourth Omnibus Objection. Appellant never responded to the Fourth Omnibus Objection or appeared at the hearing. The Bankruptcy Court expunged the Kuntz Claim because Appellant failed to satisfy his burden to establish the validity and enforceability of the such claim.

31.     Approximately six months later at the June 20 Hearing, the Bankruptcy Court properly found that the Motion to Reinstate contained absolutely no information to support any manifest errors, injustice, newly discovered evidence, change in law, or excusable neglect to support vacating the Fourth Omnibus Order expunging the Kuntz Claim. The facts have not changed in this appeal. In the Opening Brief, Appellant does nothing more than recycle the same information used in the Motion to Reinstate. Accordingly, Appellant has failed to establish the Bankruptcy Court abused its discretion. Appellant did not as much allege any manifest errors or injustice, newly discovered evidence, change in law, or excusable neglect for the Bankruptcy Court to consider when it properly denied the Motion to Reinstate.

32.     At most, Appellant only complains he was never notified of <u>entry</u> of the Fourth Omnibus Order expunging the Kuntz Claim – not that he was never served with notice of the Fourth Omnibus Objection. Even if Appellant contested service of the Fourth Omnibus Objection, his statements alone would be insufficient to rebut the Reorganized Debtors' proof of service since self-serving assertions to the contrary are insufficient to rebut the sufficiency of the

proof of service that is annexed to the Waisman Declaration as Exhibit E.  Notice is presumed to

have been sent and received if properly addressed, stamped, and deposited in the mail system.

*See In re R.H. Macy & Co., Inc.*, 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993).  In *R.H. Macy*, the

Bankruptcy Court found that it was insufficient to rebut the presumption simply by filing self-

serving affidavits.  *Id.* at 360.  Bankruptcy Rule 2002(g) provides that all notices shall be sent

directly to creditors unless a creditor's agent directs otherwise in a filing with the court.  *Id.*

Moreover, the Bankruptcy Court recently ruled that it "can think of no equities that would be

served by allowing [a] party to receive relief from an order that was properly noticed prior to the

hearing date."  *In re Calpine Corp.*, 363 B.R. 709, 712 (Bankr. S.D.N.Y. 2007).  As with

*Calpine*, the notice of hearing for the Fourth Omnibus Objection was sent to the Appellant at the

very address set forth in the Kuntz Claim, <u>which was supplied by the Appellant</u>.  Appellant is

presumed to have received notice and he must bear the consequences for his failure to timely

respond to the Fourth Omnibus Objection, which was entirely within his control.  In fact,

Appellant has received and responded to numerous matters at this address, which he provided.

      33.    Because the Appellant could not and did not contest notice of the Fourth

Omnibus Objection, the Bankruptcy Court found that the Appellant's Motion to Reinstate was

simply an attempt to appeal the Fourth Omnibus Order approximately six months after the 10-

day appeal period had expired.  Memorandum Decision at 4.  Bankruptcy Rule 9022, however,

expressly provides that "[l]ack of notice of the entry [of an order] does not affect the time to

appeal or authorize the court to relieve a party for failure to appeal within the time allowed,

except as permitted in Rule 8002."  Bankruptcy Rule 9022; *Twins Roller Corp. v.Roxy Roller

Rink Joint Venture*, 70 B.R. 308, 311 (S.D.N.Y. 1987).  Here, the Reorganized Debtors were

under no obligation to provide notice to Appellant of entry of the Fourth Omnibus Order but only notice of the Fourth Omnibus Objection.

34.     Appellant's pleadings and actions demonstrate the Bankruptcy Court did not overlook any of the factors a court considers on a Rule 60(b) motion because no such circumstances exist or were alleged by Appellant.  Moreover, Appellant admits in the Opening Brief and the Motion to Reinstate that he had been in contact with the Reorganized Debtors' public information officer, counsel to the official committee of unsecured creditors, and the Reorganized Debtors' noticing and claims agent but Appellant fails to explain why or how these contacts excuse his failure to respond to the Fourth Omnibus Objection.  Nor does he allege he provided any notice to the Debtors' attorneys.  Opening Brief at 2.  Consistent with the Bankruptcy Court's holding, Appellant's communications with these parties demonstrates he was actively monitoring the Kuntz Claim and nonetheless failed to respond to the Fourth Omnibus Objection.

35.     In the Opening Brief, like the Motion to Reinstate, Appellant attempts to convert this appeal into a proceeding concerning the merits of the Kuntz Claim.  As discussed above, the only issue before this Court is whether the Bankruptcy Court properly disposed of the Motion to Reinstate.  Even if this Court were to consider the merits of the Kuntz Claim, a simple review of the proof of claim demonstrates it is frivolous.  A creditor may not "manufacture claims and expect the law to honor them on the creditor's own insistence."  *In re Gonzalez*, 372 B.R. 837, 846 (Bankr. W.D. Tex. 2007); *In re Kirkland*, 361 B.R. 199, 202 (Bankr. D.N.M. 2007) ("In the face of an objection . . . the burden remains on the claimant to establish its claim.").  Thus, a purported creditor's "[s]ilence in the face of an evidentiary burden can lead only to an adverse judgment."  *Gonzalez*, 372 B.R. at 846.

36.     As the court held in *Gonzalez*, the Kuntz Claim has no merit because Appellant has failed to explain time and time again the nature of the claim and his relationship with the Debtors.  Instead, Appellant simply stated the amount owing is $892,000 and attached numerous newspapers articles that make no reference to him or to any of the Debtors that would give rise to the Kuntz Claim.  In fact, the record contains no information to support that Appellant has a contractual relationship with Appellees that would give rise to a claim. Appellant filed a frivolous proof of claim against Debtor Cray Research for "claims" he unsuccessfully prosecuted against Cray Computer Corp., a company that liquidated its assets in an entirely different bankruptcy case that had no affiliation with the Debtors or their chapter 11 cases.  In the end, Appellant cannot unilaterally create a contractual relationship with the Debtors by filing a proof of claim that has no basis in fact.  Appellant simply is not a creditor. Appellant's time to supply such information has expired and his attempt to revive the expunged Kuntz Claim must be denied.

37.     If, however, Appellant is somehow arguing the Kuntz Claim is related to an equity interest he held in one of the Debtors on the Commencement Date, he was not required to file a proof of claim on account of such interest.  In fact, the Bankruptcy Court's Bar Date Order expressly provides that holders of an equity interest "are **not** required to file a proof of claim."  Exhibit C at 4 (emphasis in the original).  If the Kuntz Claim was filed on account of this former interest, the Fourth Omnibus Objection and the Fourth Omnibus Order did not affect such interest, rather, the Plan and the Confirmation Order had such effect by canceling any interest Appellant held in one of the Debtors.  Accordingly, if Appellant believes he is entitled to receive a distribution from the Debtors' estates on account of his former equity interest, then his time to raise such objections was during the Confirmation Hearing for the Plan, which Appellant

attended and where he raised objections.  At that time, the Bankruptcy Court properly overruled

his objection, which is set forth in paragraph 3 of the Confirmation Order.  *See* Exhibit B.

38.    In sum, no extraordinary circumstances or neglect has or can be alleged.

To the extent there is any neglect, it is manifestly not excusable in light of the circumstances.

Appellant has failed to offer any proof in any matter before the Bankruptcy Court.  Appellant

now has failed to appear at three hearings regarding the Kuntz Claims.  Insofar as this appeal is

concerned, the Appellant continues to ignore the only issue before the Court, the Bankruptcy

Court's disposition of the Motion to Reinstate.  Instead, Appellant attempts to argue the merits of

the Kuntz Claim and reuses the same arguments that failed to satisfy his burden for the Motion to

Reinstate.  The Bankruptcy Court permitted the Appellant an opportunity to explain why the

Kuntz Claim should be reinstated at which time he provided no supporting information.  When

the Reorganized Debtors objected to the Motion to Reinstate, Appellant failed to respond, attend

the June 20 Hearing, or take any other action to protect the Kuntz Claim.  Accordingly, this

Court should affirm the Bankruptcy Court's Memorandum Decision and Denial Order.

**B.    Appellant Is No Ordinary *Pro Se* Litigant**

39.    In the Motion to Reinstate, the Appellant held himself out as *pro se* and

again in the Opening Brief takes issue with the Appellees' characterization of his familiarity with

the legal process.  The Bankruptcy Court, however, found that Appellant "clearly has extensive

legal experience."  Memorandum Decision at 2.  Given Appellant's extensive legal experience

and his inclination to harass his adversaries, all of which is discussed more thoroughly below,

this Court should impart no weight to the fact that the Appellant is acting *pro se*.  Appellant's

delay in filing the Opening Brief is negligent at best and possibly deliberate.  He is no stranger to

the formal procedures or rules imposed by courts or bankruptcy courts for that matter.  In a

decision issued by this Court over 14 years ago, this Court found that

Kuntz's status as a *pro se* litigant is of little import. During his fourteen-year participation in the underlying Grant bankruptcy proceedings, Kuntz has amassed litigation experience that would embarrass the majority of associates, and some partners, at large New York law firms. He has already filed no fewer than eight appeals, all unsuccessful, with six dismissed as either untimely or for failure to prosecute. I had to adjourn one conference in this action because Kuntz had an argument before the Second Circuit. Although I am unsure what significance to give to the ten years that Kuntz purportedly spent in law school, I find that his failure to comply with court rules, procedures, and deadlines is the result of conscious disregard, and not because of unfamiliarity with the courts. Throughout the proceedings, Kuntz has demonstrated a consistent pattern of vexatious litigation and little respect for the courts or other parties. The acts required of Kuntz were within his complete control and there was no acceptable reason for the delay.

*Kuntz v. Pardo*, 160 B.R. 35, 39 (S.D.N.Y. 1993).

The court further stated that,

Kuntz's dilatory conduct throughout his participation in the Grant case evinces bad faith. Apart from the lack of merit to his appeals, he has repeatedly failed to abide by the rules of the court and repeatedly fails to prosecute the appeals that he has filed. By contrast to cases holding that a party should not be penalized without considering the relative culpability of the appellant and his or her attorney, *see, e.g., National Bank of Long Beach v. Donovan, 871 F.2d 807 (9th Cir. 1989); Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705 (9th Cir. 1986); Myers v. Shekter, 775 F.2d 1385 (9th Cir. 1985)*, Kuntz has elected to appear *pro se* and thus the culpability is all his. There is no injustice manifest in allowing Kuntz to bear the brunt of his own neglect.

*Kuntz v. Pardo*, 160 B.R. at 39.

40. A simple search on Westlaw using the Appellant's full name generated approximately 78 decisions from jurisdictions all over the country denying the relief the Appellant was seeking as a plaintiff, objectant, or appellant. In these decisions, the courts commonly deny the relief sought because the Appellant either failed to state a claim or follow the timelines and procedures employed by the court, just as this Court did in *Kurtz v. Pardo*. This appeal is no different.

41.    In 1999, the Bankruptcy Court of the Northern District of Oklahoma noted in its decision that the Appellant has considerable experience with federal law and his *pro se* status is not something the court considered relevant. *In re Commercial Financial Services, Inc.*, 238 B.R. 479, 484 n.7 (Bankr. N.D. Okla. 1999). In *Commercial Financial*, the court noted that

> [a]t the hearing, Kuntz objected to questions, required the admission of exhibits, effectively cross-examined witnesses, articulated arguments in favor of his positions, such as his theory as to why the Judgment was invalid, etc. In the pleadings filed with this Court, Kuntz liberally cites federal statutes and Bankruptcy Rules, and evidences a conversant knowledge of bankruptcy law and procedure, as well as appellate procedure.

*Commercial Financial*, 238 B.R. at 484 n.7. The court in *Commercial Financial* also documented the Appellant's extensive litigation experience.[2]

---

[2] The court in *Commercial Financial* listed some of the published and unpublished decisions that Appellant has been an active party:

Kuntz v. DASU LLC, (In re Cray Computer Corp.), 145 F.3d 1345 (Table) (10th Cir. 1998); Kuntz v. Cray Computer Corp. (In re Cray Computer Corp.), 107 F.3d 880 (Table) (10th Cir. 1997); Kuntz v. Grand Union Co. (In re Grand Union Co.), 106 F.3d 385 (Table) (3d Cir. 1996); Kuntz v. Saul, Ewing, Remick & Saul, 200 B.R. 101 (D. Del. 1996) (Kuntz sanctioned for pursuing a frivolous appeal, notwithstanding his pro se status, because of Kuntz's extensive appellate experience – listing failed federal and state appeals); Kuntz v. Cray Computer Corp. (In re Cray Computer Corp.), 97 F.3d 1464 (Table) (10th Cir. 1996); Kuntz v. Nova Vista Industries, Inc. (In re Nova Vista Industries, Inc.), 1992 WL 60395 (S.D.N.Y. 1992); In re Adirondack Railway, 1990 WL 124225 (N.D.N.Y. 1990); Ehre v. State of New York (In re Adirondack Railway), 93 B.R. 867 (N.D.N.Y. 1998); In re W.T. Grant Co., 85 B.R. 250 (Bankr. S.D.N.Y. 1988), aff'd in part, reversed in part, 119 B.R. 898 (S.D.N.Y. 1990) (denial of Kuntz's request for fees and expenses); In re One Westminister Co., 74 B.R. 37 (D. Del. 1987); In re W.T. Grant Co., 4 B.R. 53 (Bankr. S.D.N.Y. 1980).

Kuntz brought an action in connection with the fate of The Peter Kuntz Company, a company apparently founded by his grandfather, against six banks, an investment firm, and John and Jane Does 1-299, alleging a conspiracy to dismantle the company. See Kuntz v. Shawmut Bank of Boston, 1987 WL 11172 (S.D.N.Y. 1987).

Kuntz also sued the New York State Senate, the New York State Board of Elections, various individuals, and numerous John and Jane Does, claiming constitutional violations in connection with Kuntz's attempt to run as an independent candidate for the United States House of Representatives in 1992. *See Kuntz v. New York State Board of Elections*, 924 F. Supp. 364 (N.D.N.Y. 1996); *Kuntz v. New York State Senate*, 113 F.3d 326 (2d Cir. 1997).

Kuntz has filed complaints against the New York Stock Exchange (motion for leave to appeal denied, 92 N.Y.2d 877 (1998)); the Board of Governors of the Federal Reserve, *see* 1997 WL

42.    The fact that Appellant is acting *pro se* does not change the only issue before the Court – whether the Bankruptcy Court abused its discretion when it disposed of the Motion to Reinstate by failing to consider facts that would support the motion.  The clear answer to that question is no.  While the style and format of Appellant's Opening Brief might be held to a lesser standard, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), his *pro se* status does not exempt him "from compliance with the relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Given that Appellant has not provided any information to support vacating the Denial Order, this Court should affirm the Bankruptcy Court's Memorandum Decision and Denial Order.

---

150062 (D.C. Cir. 1997); the City of Dayton, Ohio, see 99 F.3d 1139 (Table) (6th Cir. 1996); the Department of Energy (1995); and the United States Postal Service (1993).  Kuntz has also been to Tax Court, although not *pro se*.  *See Kuntz v. Commissioner*, 64 T.C.M. 1258 (1992).

Further, Kuntz has unsuccessfully petitioned to the United States Supreme Court for writs of certiorari in numerous cases, including *Kuntz v. Fadness*, 519 U.S. 996 (1996); *Kuntz v. Shawmut Bank of Boston*, 501 U.S. 1252 (1991); *Kuntz v. Manley, Burke and Fischer, L.P.A.*, 500 U.S. 918 (1991); *Kuntz v. City of Dayton*, 499 U.S. 962 (1991); *Kuntz v. Society Bank, N.A.*, 498 U.S. 1089 (1991); *Kuntz v. Little Miami Railroad Co.*, 498 U.S. 1027 (1991); *Kuntz v. City of Dayton*, 488 U.S. 1008 (1989); *Kuntz v. Shawmut Bank of Boston*, 488 U.S. 952 (1988); *Kuntz v. Winters National Bank and Trust Co.*, 465 U.S. 1080 (1984).

*Commercial Financial*, 238 B.R. at 484 n.7.

**VII.**

**CONCLUSION**

43.    For all of the foregoing reasons, Appellees respectfully request the Court

to affirm the Bankruptcy Court's Memorandum Decision and Denial Order and grant Appellees

such other and further relief as is just and proper.

Dated:  November 19, 2007
       New York, New York

/s/ Shai Y. Waisman_____
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors and
Reorganized Debtors