# EXHIBIT A

## (Denial Order)

NY2:\1806554\01\12PY201!.DOC\74207.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                            :
                                                                 :     Chapter 11 Case No.
                                                                 :
SILICON GRAPHICS, INC., *et al.*,                                :     06-10977 (BRL)
                                                                 :
             Debtors.                                            :     (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER DENYING MOTION OF WILLIAM KUNTZ, III
### FOR AN ORDER REINSTATING PROOF OF CLAIM NO. 792

Upon the motion, dated May 30, 2007 (the "Motion"), of William Kuntz, III ("Kuntz") for an order, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, vacating the order expunging proof of claim no. 792 (the "Kuntz Claim") pursuant to the Fourth Omnibus Objection to Proof of Claims, dated December 4, 2006, and the Fourth Omnibus Order, dated January 9, 2007; and upon the objection, dated June 15, 2007 (the "Objection"), filed by Silicon Graphics, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" and as reorganized, the "Reorganized Debtors"), in opposition to the Motion; and the Court having jurisdiction to consider the Motion and the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and the Court having held a hearing on the Motion and the Objection on June 20, 2007 (the "Hearing"), and Kuntz failed to appear at the Hearing; and due and proper notice of the Objection and the Hearing having been provided to Kuntz; and the Court having determined that the legal and factual bases set forth in the Motion fail to satisfy Kuntz's

NY2:\1771992\02\11Z@02!.DOC\74207.0008

burden to reinstate the Kuntz Claim or any rationale therefor; and for the reasons stated by the Court on the record of the Hearing and in the Memorandum Decision issued June 20, 2007; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is DENIED with prejudice.

Dated: June 20, 2007
      New York, New York

/s/ Hon. Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## (Confirmation Order)

NY2:\1806554\01\12PY201!.DOC\74207.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x
In re                                           :
                                                :      **Chapter 11 Case No.**
                                                :
SILICON GRAPHICS, INC., *et al.*,               :      **06-10977 (BRL)**
                                                :
            Debtors.                            :      **(Jointly Administered)**
                                                :
————————————————————————x

**ORDER CONFIRMING DEBTORS' FIRST
AMENDED JOINT PLAN OF REORGANIZATION UNDER
<u>CHAPTER 11 OF THE BANKRUPTCY CODE, DATED JULY 27, 2006, AS MODIFIED</u>**

Silicon Graphics, Inc. ("Silicon Graphics") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, with Silicon Graphics, the "Debtors"), having proposed and filed the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated July 27, 2006 (the "July 27 Plan"); and the Disclosure Statement for Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated July 27, 2006 (the "Disclosure Statement") having been approved by this Court and duly transmitted to holders of Claims[1] against the Debtors' estates in compliance with this Court's order, dated July 27, 2006 (the "Disclosure Statement Order"):  (i) approving the notice of Disclosure Statement hearing; (ii) approving the Disclosure Statement; (iii) fixing record dates; (iv) approving the notice and objection procedures in respect of confirmation; (v) approving solicitation packages and procedures for distribution thereof; (vi) approving the forms of ballots and establishing voting procedures; (vii) approving the forms of notices to non-voting Classes; (viii) approving the subscription forms for purposes of the rights offering; and (ix) authorizing the retention of

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Plan (as defined below).

modifications to all documents included as part of the Plan Supplement that are consistent with the Plan. Execution versions of the documents comprising the Plan Supplement shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all liens and security interests purported to be created thereby.

3. <u>Objections</u>. All parties have had a full and fair opportunity to litigate all issues raised by the Objections, or which might have been raised, and the Objections have been fully and fairly litigated. All Objections, responses, statements, and comments in opposition to the Plan, other than those withdrawn with prejudice in their entirety prior to the Confirmation Hearing or otherwise resolved on the record of the Confirmation Hearing and/or herein are overruled for the reasons stated on the record.

4. <u>Solicitation and Notice</u>. Notice of the Confirmation Hearing complied with the terms of the Disclosure Statement Order, was appropriate and satisfactory based on the circumstances of these chapter 11 cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The solicitation of votes on the Plan and the Solicitation Materials complied with the solicitation procedures in the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of these chapter 11 cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. Notice of the Plan Supplement, and all related documents, was appropriate and satisfactory based upon the circumstances of these chapter 11 cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

58.    Governing Law. Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan or a schedule or document in the Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

59.    Conflicts Between Order and Plan. The provisions of the Plan and this Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Order shall govern and any provision of this Order shall be deemed a modification of the Plan and shall control and take precedence. The provisions of this Order are integrated with each other and are non-severable and mutually dependent.

60.    Final Order. This Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

Dated:  September 19, 2006
        New York, New York

                                /s/ Burton R. Lifland
                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

## (Bar Date Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                       :
                                                            :     Chapter 11 Case No.
                                                            :
SILICON GRAPHICS, INC., *et al.*,                           :     06- 10977 (BRL)
                                                            :
                Debtors.                                    :     (Jointly Administered)
                                                            :
------------------------------------------------------------x

## ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND SECTION 502(b)(9) OF THE BANKRUPTCY CODE ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion, dated June 23, 2006 (the "Motion"), of Silicon Graphics, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 502(b)(9) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") requesting that the Court (i) establish August 4, 2006 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim based on prepetition claims against any of the Debtors, (ii) solely as to governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), establish November 4, 2006 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each such governmental unit to file Proofs of Claim against any of the Debtors, (iii) approve the proposed Proof of Claim Form (as defined below), (iv) approve the proposed Bar Date Notice (as defined below), and (v) approve the proposed notice and publication procedures, all as more fully set

forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (ii) counsel to the statutory committee of unsecured creditors (the "Creditors' Committee"), (iii) counsel to Wells Fargo Foothill, Inc., and Ableco Finance LLC, the Debtors' prepetition secured lender, (iv) counsel to the *ad hoc* committee of the Debtors' senior noteholders, (v) counsel to U.S. Bank National Association, indenture trustee for the Debtors' senior noteholders, and (vi) counsel to Morgan Stanley Senior Funding, Inc., agent for the Debtors' postpetition credit facility, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules and section 502(b)(9) of the Bankruptcy Code, and except as otherwise provided herein, (i) **August 4, 2006 at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline

(the "General Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) to file proofs of claim based on prepetition claims (as defined in section 101(5) of title 11 of the Bankruptcy Code) ("Proofs of Claim") against any of the Debtors and (ii) solely as to governmental units (as such term is defined in section 101(27) of the Bankruptcy Code), November 4, 2006 at 5:00 p.m. (prevailing Eastern Time) is established as the deadline (the "Government Bar Date" and, together with the General Bar Date, the "Bar Dates" or "Bar Date" as may be applicable) for each such governmental unit to file Proofs of Claim against any of the Debtors; and it is further

ORDERED that all Proofs of Claim filed against the Debtors must substantially conform to Exhibit "A" annexed hereto (the "Proof of Claim Form"), which is hereby approved, or Official Form No. 10, and must be received on or before the applicable Bar Date by the official claims agent in the Debtors' chapter 11 cases, Bankruptcy Services, LLC ("BSI"), either by (i) overnight delivering or hand delivering the original Proof of Claim to United States Bankruptcy Court, SGI Claims, One Bowling Green, New York, New York, 10004-1408 or (ii) mailing the original Proof of Claim to United States Bankruptcy Court, SGI Claims, P.O. Box 180, Church Street Station, New York, New York, 10008-0180; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **actually received** by the Court on or before the applicable Bar Date; and it is further

ORDERED that the Court shall **not** be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date:

(a) any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," (ii) whose claim is identified as against a specific Debtor, (iii) who does not dispute the specific Debtor identified against which such person's or entity's claim is asserted, and (iv) who does not dispute the amount or nature of the claim as set forth in the Schedules;

(b) any person or entity having a claim under sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(c) any person or entity whose claim has been paid in full by any of the Debtors;

(d) any person or entity that holds an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(e) any Debtor in these cases having a claim against another Debtor;

(f) any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(g) any person or entity that holds a claim solely against any of the Debtors' non-Debtor affiliates;

(h) any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any debt security issued by the Debtors pursuant to an indenture (the "Debt Instruments"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustee under the applicable indenture (the "Indenture Trustee"), (ii) each Indenture

    Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, on account of all of the Debt Claims on or under the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim other than such Debt Claim shall be required to file a Proof of Claim with respect to such other claim on or before the applicable Bar Date, unless another exception identified herein applies; and

  (i) any holder of a claim for which a separate deadline is fixed by this Court;

and it is further

    ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii) the date which is 30 days following the effective date of such rejection (unless the order authorizing such rejection provides otherwise), to share in the Debtors' estates; and it is further

    ORDERED that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Commencement Date, (iii) conform substantially with the Proof of Claim provided or Official Form 10, (iv) indicate the Debtor against which the creditor is asserting a claim, and (v) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; and it is further

    ORDERED that any holder of a claim against more than one Debtor must file a **separate** claim with respect to each such Debtor and all holders of claims must identify on their Proof of Claim the particular Debtor against which their claim is asserted and the case number of the particular Debtor's chapter 11 case; and it is further

    ORDERED that any holder of a claim against one or more of the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date

Order on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these chapter 11 cases, or participate in any distribution in any of the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Dates in substantially the form annexed hereto as Exhibit "B" (the "Bar Date Notice"), which Bar Date Notice is approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before June 30, 2006, upon:

(a) the U.S. Trustee;

(b) counsel to the Creditors' Committee;

(c) counsel to Wells Fargo Foothill, Inc. and Ableco Finance LLC, the Debtors' prepetition secured lenders, pursuant to that certain Third Amended and Restated Credit Agreement, dated as of October 24, 2005, as amended pursuant to that certain Amendment Number One to Third Amended and Restated Credit Agreement, dated as of November 18, 2005, among Silicon Graphics, SGI Federal and SGI World Trade, as borrowers, and Wells Fargo Foothill, Inc. and Ableco Finance, LLC, as lenders;

(d) counsel to the *ad hoc* committee of the Debtors' senior noteholders;

(e) counsel to U.S. Bank National Association, the indenture trustee for that certain indenture, dated December 24, 2003, between Silicon Graphics and U.S. Bank National Association, as indenture trustee;

(f) counsel to U.S. Bank National Association, the indenture trustee for that certain indenture dated December 24, 2003 between Silicon Graphics and U.S. Bank National Association, as indenture trustee;

(g) counsel to JPMorgan Chase Bank, indenture trustee for that certain Indenture dated February 1, 1986 between Cray Research, Inc. and Manufacturers Hanover Trust Company and that certain First Supplemental Indenture dated June 30, 1996 between Silicon Graphics, Cray Research, Inc. and JP Morgan Chase, as trustee;

(h) counsel to Morgan Stanley Senior Funding, Inc., administrative agent for that certain $130,000,000 Post-Petition Loan and Security Agreement by and among Silicon Graphics, SGI Federal and SGI World Trade, as borrowers, the lenders party thereto, Morgan Stanley Senior Funding, Inc., as administrative agent, and Wells Fargo Foothill, Inc., as collateral agent;

(i) all known holders of claims listed on the Schedules at the addresses stated therein;

(j) all parties known to the Debtors as having potential claims against the Debtors' estates;

(k) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein (with a cover letter to the Bar Date Notices sent to the Debtors' customers);

(l) all parties to litigation with the Debtors;

(m) the District Director of Internal Revenue for the Southern District of New York;

(n) the Securities and Exchange Commission; and

(o) all parties to whom the Debtors are required to give notice pursuant to this Court's order dated May 31, 2006;

and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as appropriate) in substantially the form of the Proof of Claim Form annexed hereto as Exhibit "A" to all parties listed in the preceding decretal paragraph. Each Proof of Claim

Form shall contain (i) the particular Debtor and its chapter 11 case number, (ii) the amount of the claim such creditor holds against such Debtor entity as set forth in the Schedules, (iii) the type of claim held by such creditor (i.e., non-priority unsecured, priority unsecured or secured), and (iv) whether such claim is disputed, contingent, or unliquidated; and it is further

ORDERED that, pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish notice of the Bar Dates by publishing a notice substantially in the form annexed hereto as Exhibit "B," as may be modified for publication, once in *The New York Times* (National Edition), at least twenty-five (25) days prior to the General Bar Date, which publication is hereby approved in all respects and which shall be deemed good, adequate, and sufficient publication notice of the Bar Dates; and it is further

ORDERED that if the Debtors amend or supplement their Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date on which such notice is given to file Proofs of Claim in respect of their claims or be forever barred from doing so; and it is further

ORDERED that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against one or more of the Debtors or be forever barred from voting upon any chapter 11 plan or plans for such Debtors, from receiving any payment or distribution of property from the Debtors, the Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against any of the Debtors; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: June 26, 2006
New York, New York

/s/Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE