**EXHIBIT J**

**(June 20 Transcript)**

dn062007 silicon Graphics.txt

1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    -------------------------------x

4         In the Matter

5              of                    Case No.
                                     06-10977

6       SILICON GRAPHICS, INC.,

7                         Debtors.

8    -------------------------------x

9                         June 20, 2007

10                        United States Custom House
                          One Bowling Green
11                        New York, New York 10004

12

13       Motion to Reconsider Expunged Claim.

14

15

16   B E F O R E:

17              HON. BURTON R. LIFLAND,

18                        U.S. Bankruptcy Judge

19

20

21

22

23

24

25

2

1    A P P E A R A N C E S:

2

Page 1

dn062007 Silicon Graphics.txt

3

WEIL, GOTSHAL & MANGES LLP

4

Attorneys for the Debtors
5        767 Fifth Avenue
         New York, New York 10153

6

BY:   JOHN W. LUCAS, ESQ.,
7           CHRISTOPHER MARCUS, ESQ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

□

3

1    P R O C E E D I N G S:

2                    MR. LUCAS:  Good morning, your Honor.

3                    THE COURT:  Good morning.

4                    MR. MARCUS:  Good morning, your Honor.

5                    THE COURT:  Good morning.

6                    MR. LUCAS:  John Lucas of Weil, Gotshal and

7    Manges for Silicon Graphics and the other reorganized
                                Page 2

dn062007 Silicon Graphics.txt

8    debtors.  With me today is Christopher Marcus from our

9    office.

10                    THE COURT:  Go ahead.

11                    MR. LUCAS:  It appears that Mr. Kuntz

12   didn't appear today for his motion, and we are somewhat

13   surprised by that considering the June 8th e-mail that was

14   sent to Weil Gotshal asking if this day was okay; and we

15   informed him that we were on for this date and are

16   surprised that he didn't show up.

17                    I have a copy of the e-mail if you would

18   like to see it, your Honor.

19                    THE COURT:  No, I need not see it.  The

20   initial request was an inquiry as to the possibility of a

21   submission of his motion on papers.  At that point in time

22   there was no response.

23                    Subsequent to that there was a response,

24   and he was advised from chambers through the address and

25   other contact points that this hearing was going forward,

                                                              4

1    and a third party who answered the phone indicated that she

2    would advise him of that fact.

3                    In any event, I have his moving papers and

4    I have your response.  I'll hear opposition.

5                    MR. LUCAS:  We did send the objection at

6    least three business days or five days before the hearing

7    date by overnight mail, and we also e-mailed it to Mr.

8    Kuntz at the e-mail address that he used to contact us.

9                    THE COURT:  He apparently is well aware of

10   your objection, and his failure to appear here is one of

11   volition.

                              Page 3

dn062007 Silicon Graphics.txt

12          MR. LUCAS:  May I make a few comments?  I

13   understand that you reviewed our objection and motion, of

14   course.

15          THE COURT:  Yes, I'll hear arguments in

16   response to his motion.

17          MR. LUCAS:  At first Mr. Kuntz's motion

18   does not allege that he failed to receive notice of the 4th

19   omnibus objection.  And because he received notice, Mr.

20   Kuntz's time to respond to the 4th omnibus objection was

21   last January and he should not be permitted to relitigate

22   this now.  He had ample time to respond and he never filed

23   an objection.

24          Moreover, Mr. Kuntz was a former

25   shareholder of the debtors and nothing more.  Mr. Kuntz's

                                                            5

1   proof of claim and the motion provide absolutely no

2   information to show that there was any other relationship.

3   Accordingly, Mr. Kuntz's filing of a proof of claim that

4   has no basis in fact is nothing more than an attempt to

5   relitigate his objection to confirmation of a plan.

6          And finally, your Honor, this motion and

7   the other pleadings filed by Mr. Kuntz in these cases, and

8   his litigation history in other cases which is well

9   documented in this circuit and others, demonstrates that

10   Mr. Kuntz should be required to seek leave of the court

11   before any party in interest in these Chapter 11 cases

12   would be required to respond to any further pleadings filed

13   by Mr. Kuntz.

14          In short, this motion requires SGI to incur

15   unnecessary fees and expenses for an issues that was heard

16   and ruled upon by this court at the confirmation hearing.

Page 4

dn062007 Silicon Graphics.txt

17          We have nothing further, your Honor.

18          THE COURT:  Does anyone else want to be

19  heard?

20          Well, clearly is there is no basis given

21  for this court to reopen the issue with respect to its

22  order denying the proof of claim; even in that event, his

23  motion doesn't even show any basis for the claim that was

24  filed.  But notwithstanding that, there's no basis shown

25  for this court to open up the order or to vacate the order

6

1   expunging his claim.

2           With respect to your request that he be

3   prohibited from further activity without following formal

4   procedures authorizing the participation in the case by

5   filing of motions and the like, while I am well aware of

6   his previous history in what has been called vexatious

7   litigation in other cases, we haven't gone to the extreme,

8   as has been shown in the Pardo case for example or other

9   cases, in this particular case, so that I am a bit loath to

10  give that particular sanction at this point in time.

11          It may very well be if there's an appeal of

12  this order, for example, that it might be very well

13  appropriate to revisit Mr. Kuntz's propensities with

14  respect to litigation that is quite dubious and doubtful,

15  and apparently launched for other purposes other than

16  getting compensation for a claim on the merits.

17          I do not find any merit to the motion

18  today, nor has it been shown even cosmetically that there's

19  any merit to the original proof of claim, which is not even

20  at issue at this point.

Page 5

dn062007 Silicon Graphics.txt

21          His motion is denied.

22          MR. LUCAS:  Thank you, your Honor.

23          Would you like to just submit an order?

24          THE COURT:  You may submit an order, and I

25  will also issue an opinion.

7

1          MR. LUCAS:  Thank you, your Honor.

2          MR. MARCUS:  Thank you, your Honor.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

dn062007 Silicon Graphics.txt

8

```
 1                    C E R T I F I C A T E

 2

 3     STATE OF NEW YORK        }
                                }      ss.:
 4     COUNTY OF WESTCHESTER    }

 5

 6              I, Denise Nowak, a Shorthand Reporter

 7     and Notary Public within and for the State of

 8     New York, do hereby certify:

 9              That I reported the proceedings in the

10     within entitled matter, and that the within

11     transcript is a true record of such proceedings.

12              I further certify that I am not

13     related, by blood or marriage, to any of the

14     parties in this matter and that I am in no way

15     interested in the outcome of this matter.

16              IN WITNESS WHEREOF, I have hereunto

17     set my hand this _____ day of

18     _____, 2007.

19

20              _____

21                    DENISE NOWAK

22

23

24

25
```

# EXHIBIT K

## (Appellant's Designation)



# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NY

In Re: Silicon Graphics, Inc, et al     Case 06-10977 <brl> ch 11
                              Debtor

## DESIGNATION OF ISSUES AND RECORD ON APPEAL

Appellant, William Kuntz,III  who appears here *Pro Se* without
Benefit of having access to the Docket of the Debtor[1]
Designates the following
Record
1>Motion<s> of Appellant
2>Proofs of Service and Returned Mail Notification
3>Notice of Appeal
4>Docket of  cray computer in us bankruptcy court in Denver
5>Docket of  cray computer appeals in us district court in Denver
7>Docket of cray computer appeals in us court of appeals in
Denver
7>Docket of cray research case in us court of international trade in
new york city
Issues
a>that Debtor's Counsel was late in service of it's papers and
hence they should be ignored
b>that there is no accurate definition of the word Monitor suitable
for this Case
c>that the Debtor SGI disconnected its internet page access to
     the bankruptcy court just after confirmation.
d>that the debtor and debtors agents were aware of Appellants
interest in his claim and had his electronic mail address.

---

[1] Appellant does not have Pacer, nor was W,G&M able to provide access and due to the heat emergency
declared by the Mayor of NYC did not think it wise to travel to NYC for this Designation.

e> that the lead attorney for the Creditors Committee was aware of Appellant's absence from the United States in Greece at the time of the filing of the Claims Objection and had his electronic address.

f> that the Objection process is fundamentally flawed in that it does not provide for a simple acknowledgement form of it's timely receipt

g> that the Court erred in denying Appellant's Motion to reinstate his Appeal Claim

h> that Counsel for the Debtor's misstated that Appellant was a shareholder in SGI


Respectfully,

William Kuntz, III
c/ 25 Alprilla Farm Rd
Hopkinton, Mass 01748
508-435-5858
kuntzwml@yahoo.com <not for service of papers>


July 10, 2007
Nantucket

Yahoo! Mail - kuntzwm1@yahoo.com

# YAHOO!® MAIL

Print - Close Window

**Date:** Thu, 28 Jun 2007 07:59:13 -0700 (PDT)

**From:** "william kuntz" <kuntzwm1@yahoo.com>

**Subject:** THE LIFE AND TIMES OF SEYMOUR CRAY

**To:** kuntzwm1@yahoo.com

ELETTER

Attorney Shai Y Waisman
WG&M

dear sir,

this will confirm my call of a couple of days ago
i did not have time yet to read your document < and assume you authored it> in detail but did pick up that you believe that i
owned SGI stock.
-
as i related to you in my message on the phone, i never owned stock in SGI nor CRAY RESEARCH
-
i enclose for you a recent article from the NY TIMES by John Markoff about the business
and would think i might even buy you the book about Seymour Cray if i can find a used copy cheap.
-
i thank you in advance

William Kuntz,III

cc: John Markoff
    L Wirbel

---

Looking for a deal? Find great prices on flights and hotels with Yahoo! FareChase.

# EXHIBIT L

## (Counter-Designation)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Debtors and
Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

**In re**                                       :
                                                :       **Chapter 11 Case No.**
                                                :
**SILICON GRAPHICS, INC., et al.,**             :       **06 - 10977 (BRL)**
                                                :
            **Debtors.**                        :       **(Jointly Administered)**
                                                :
-------------------------------------------------------------x

**COUNTER-DESIGNATION OF RECORD ON**
**APPEAL OF MEMORANDUM DECISION DENYING**
**MOTION OF WILLIAM KUNTZ III FOR AN ORDER**
**REINSTATING HIS PROOF OF CLAIM [DOCKET NO. 877]**
**AND ORDER DENYING MOTION OF WILLIAM KUNTZ, III FOR**
**AN ORDER REINSTATING PROOF OF CLAIM NO. 792 [DOCKET NO. 878]**

Silicon Graphics, Inc. and its direct and indirect subsidiaries in the above-

referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors" and

as reorganized, the "Reorganized Debtors"), pursuant to Rule 8006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), counter-designate the following items to be

included in the record on appeal from a decision and order of the United States Bankruptcy Court

of the Southern District of New York (per the Honorable Burton R. Lifland) (the "Bankruptcy

Court"), in response to the designation of issues and record on appeal filed William Kuntz, III on

July 18, 2007 [Docket No. 885]:

o  Memorandum Decision Denying Motion of William Kuntz III For An
   Order Reinstating His Proof Of Claim, dated June 20, 2007 [Docket No.
   877] (the "<u>Memorandum and Decision</u>"); and

o  Order Denying Motion of William Kuntz, III For An Order Reinstating
   Proof Of Claim No. 792, dated June 20, 2007 [Docket No. 878] (the
   "<u>Order</u>").

   The Memorandum and Decision and Order were entered in connection with the

Bankruptcy Court's decision on the motion dated June 1, 2007 of William Kuntz, III for an order

reinstating proof of claim no. 792.

<u>**COUNTER-DESIGNATION OF RECORD**</u>

   The Reorganized Debtors hereby counter-designate the following items to be

included in the record on appeal:

| Document No | Docket No. | Description |
|---|---|---|
| 1 | 607 | Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as Modified, and Amended Plan Supplement Thereto |
| 2 | 540 | Affidavit of William Kuntz, III in Opposition |
| 3 | 632 | Order Confirming Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, As Modified |
| 4 | 756 | Objection /Reorganized Debtors' Fourth Omnibus Objection to Proofs of Claims Comprised of (i) Duplicate Claims, (ii) Amended and Superseded Claims, (iii) No Record of Liability Claims, (iv) Overstated Claims, (v) Liabilities Already Paid, (vi) Claims to be Reduced and/or Reclassified, (vii) Equity-Based Claims, and Claims to be Reduced and Classified Against Different Debtor |
| 5 | 767 | Affidavit of Service by Bankruptcy Services, LLC (related document(s) 755, 756) filed by Gary Holtzer on behalf of Silicon Graphics, Inc. |
| 6 | 788 | Order signed on 1/9/2007 Granting Reorganized Debtors' Fourth Omnibus Objection To Proofs Of Claims Comprised Of (i) Duplicate Claims, (ii) Amended And Superseded Claims, (iii) Claims Not Reflected In The Debtors? Books And Records, (iv) Overstated Claims, (v) Liabilities Already Paid, (vi) Claims To Be Reduced And/Or Reclassified, (vii) Equity-Based Claims, And (viii) Claims To Be Reduced And/Or Reclassified Against Different Debtor (Related Doc # 756) |
| 7 | 874 | Objection / Reorganized Debtors' Objection to Motion of William Kuntz, III for an Order Reinstating Proof of Claim (related document(s) 872) filed by Shai Waisman on behalf of Silicon Graphics, Inc. |
| 8 | 875 | Affidavit of Service by I. Rodriguez (related document(s) 874) filed by Shai Waisman on behalf of Silicon Graphics, Inc. |

| Document No | Docket No. | Description |
|---|---|---|
| 9 | 877 | Memorandum Decision signed on 6/20/2007 Denying Motion of William Kuntz III for an Order Reinstating His Proof of Claim |
| 10 | 878 | Order signed on 6/20/2007 Denying Motion of William Kuntz, III for an Order Reinstating Proof of Claim No. 792 |
| 11 | 884 | Transcript of hearing on Motion, dated June 20, 2007 |

Dated:      July 27, 2007
            New York, New York

                             /s/ Shai Y. Waisman
                    Gary T. Holtzer, Esq. (GH 7732)
                    Stephen A. Youngman, Esq. (*pro hac vice*)
                    Shai Y. Waisman, Esq. (SW 6854)
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, NY 10153-0119
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    ATTORNEYS FOR THE DEBTORS
                    AND REORGANIZED DEBTORS

# EXHIBIT M

## (Affidavit of Service for Motion to Strike)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer, Esq. (GH 7732)
Stephen A. Youngman, Esq. (*pro hac vice*)
Shai Y. Waisman, Esq. (SW 6854)

Attorneys for Reorganized Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| | : | |
| **SILICON GRAPHICS, INC., *et al*.,** | : | **06- 10977 (BRL)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

State of New York    )
                                )    ss.:
County of New York  )

      Ilusion Rodriguez, being duly sworn, hereby deposes and says:

      1.    I am over 18 years of age and am not a party to the above-

captioned proceedings.  I am employed by Weil, Gotshal & Manges LLP, having offices

at 767 Fifth Avenue, New York, New York 10153.

      2.    On the 27th day of July 2007, I caused a true and correct copy of

the following pleadings to be served upon the parties listed on Exhibit A by Federal

Express mail.

✓ *Motion of Reorganized Debtors to Strike and Clarify Certain Items from William* Kuntz, III's Designation of Record on Appeal **[Docket No. 887]**

✓ *Counter-Designation of Record on Appeal of Memorandum Decision* Denying Motion of William Kuntz III for an Order Reinstating His Proof of Claim [Docket No. 877] and Order Denying Motion of William Kuntz, III for an Order Reinstating Proof of Claim No. 792 [Docket No. 878] **[Docket No. 888]**

/s/ Ilusion Rodriguez
Ilusion Rodriguez

Sworn to before me this
7th day of August, 2007

/s/ Heather L. Aaronson
HEATHER L. Aaronson
Notary Public, State of New York
No. 01AA6117801
Qualified in New York County
Commission Expires Nov. 1, 2008

**Service List**

**Exhibit A**

<u>**Via Federal Express Mail**</u>:

Honorable Burton R. Lifland
United States Bankruptcy Court for
the Southern District of New York
One Bowling Green
New York, NY  10004

Office of the United States Trustee
   for the Southern District of New York
33 Whitehall Street, 21st Floor,
New York, NY 10004
Attn.:  Lisa. L. Lambert, Esq.

William Kuntz, III
c/25 Alprilla Farm Rd
Hopkinton, Mass 01748

# EXHIBIT N

## (Order Striking Appellant's Designation)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re                                                  :
                                                       :    **Chapter 11 Case No.**
                                                       :
**SILICON GRAPHICS, INC.,** *et al.,*                   :    **06-10977 (BRL)**
                                                       :
                       **Debtors.**                     :    **(Jointly Administered)**
                                                       :
-------------------------------------------------------x

### ORDER GRANTING MOTION TO STRIKE AND CLARIFY CERTAIN ITEMS FROM WILLIAM KUNTZ, III'S DESIGNATION OF RECORD ON APPEAL

Upon the motion, dated July 27, 2007 (the "Motion"), of Silicon Graphics, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors" and as reorganized, the "Reorganized Debtors"), for an order striking certain items from William Kuntz, III's ("Kuntz") Designation of Issues and Record of Appeal, dated July 10, 2007 (the "Designation"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Southern District of New York, and (ii) Kuntz, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court and after

due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is hereby granted; and it is further

ORDERED that items 4, 5, 6,[1] and 7 are hereby stricken from the Designation and

shall not be included in the record on appeal with respect to the appeal filed by Kuntz of this

Court's memorandum decision, dated June 20, 2007 (the "Memorandum Decision"), and order,

dated June 20, 2007 (the "Order"), each denying Kuntz's motion to reinstate proof of claim no.

792; and it is further

ORDERED that, Kuntz shall not be permitted to add any additional items to the

Designation; and it is further

ORDERED that Kuntz shall have ten (10) days after the entry of this Order to file

with the Court a clarification of items 1, 2, and 3 in the Designation (the "Ambiguous

Designations") that allows the Reorganized Debtors to identify the items and the appeals clerk to

include such items in the record on appeal; and it is further

ORDERED that the Ambiguous Designations shall be striken from the

Designation and the record on appeal unless such clarification is not filed within ten (10) days

after the entry of this Order; and it is further

ORDERED that, pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy

Procedure, the time for the Reorganized Debtors to file a supplemental counter-designation of

additional items for the record on appeal with respect to Kuntz's appeal from the Memorandum

Decision and Order is hereby enlarged to and including August 19, 2007; and it is further

_____

[1] For the purposes of this Order, the first instance of item "7" in the Designation is deemed to be item 6.

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Loral

Bankruptcy Rules for the Southern District of New York that the Reorganized Debtors file a

memorandum of law in support of the Motion hereby is waived.

Dated: August 9, 2007
       New York, New York


                              _____/s/ Hon. Burton R. Lifland_____
                              UNITED STATES BANKRUPTCY JUDGE

3